Filed 11/25/24  P. v. Young CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B335215 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA108134) |
| v. | |
| DENZELL RASHAD YOUNG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lana S. Kim, Judge.  Affirmed.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

# INTRODUCTION

Denzell Rashad Young was convicted by a jury of being a felon in possession of a firearm. Young admitted certain aggravating factors and the trial court sentenced Young to three years in state prison, suspended execution of the sentence, and placed Young on formal probation for 24 months. Young now appeals. No arguable issues have been identified following review of the record by appointed appellate counsel or our own independent review. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2023, Officer Kywan Owens received a radio call that an automobile was stalled in the roadway on Sepulveda Boulevard. Officer Owens and his partner, Officer Gutierrez, responded to the call. When the officers arrived, Young indicated he was the driver of the vehicle. Later, the officers learned there was legal cause to arrest Young and, following a brief struggle, arrested him. A search of the vehicle by Officer Stefan Joncic produced an empty gun holster and an unregistered loaded semi-automatic pistol located on the floor behind the driver's seat.

Young was charged by information with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count 1) and obstructing or resisting an executive officer in the performance of duties (*id.*, § 69; count 2). On August 23, 2023, the superior court consolidated the case with another case alleging Young committed assault with a firearm (*id.*, §245, subd. (a)(2); count 3) and battery (*id.*, § 242; count 4). The superior court dismissed count 2. The superior court later granted the People's motion to dismiss counts 3 and 4.

On September 28, 2023, a jury found Young guilty of being a felon in possession of a firearm. Young waived his right to have a jury determine any aggravating factors, and admitted that: (1) he was armed with and used a weapon at the time of the commission of the offense within the meaning of California Rules of Court, rule 4.421(a)(2); (2) he engaged in violent conduct in committing the offense and being a danger to society within the meaning of rule 4.421(b)(1); (3) he suffered a prior conviction as an adult and also suffered numerous prior convictions of increasing seriousness within the meaning of rule 4.421(b)(2); and (4) he served a prior prison term pursuant to Penal Code section 1170, subdivision (h), within the meaning of rule 4.421(b)(3).

The superior court sentenced Young to the upper term of three years, suspended execution of the sentence and placed him on formal probation for 24 months. Young timely appealed.

## DISCUSSION

We appointed counsel to represent Young on appeal. Counsel for Young filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and counsel advised Young that counsel had filed a brief raising no issues. On or about August 14, 2024, counsel stated she would send the record on appeal and a copy of the brief to Young. Counsel also informed Young that he had the right to file a supplemental brief and that the appeal would be dismissed if Young did not submit a supplemental brief. On August 19, 2024, we also notified Young that he could submit a supplemental brief within 30 days stating any grounds for appeal, contentions, or arguments he wanted us to consider and that, if he did not timely file a supplemental brief,

3

we may dismiss the appeal.  We did not receive a response from Young.

We have examined the entire record and are satisfied appellate counsel for Young has complied with counsel's responsibilities and that there are no arguable issues on appeal. (See *Wende, supra,* 25 Cal.3d at pp. 441-442; *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119.)

## DISPOSITION

The judgment is affirmed.


MARTINEZ, P. J.


We concur:



FEUER, J.



STONE, J.